Robert H. Ingersoll et al., Appellees, v. Joseph Brown
& Company, Appellant.

Gen. No. 22,349.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS
KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1916. Reversed and remanded. Opinion filed
May 10, 1917.

## Statement of the Case.

Action by Robert H. Ingersoll and others, plaintiffs,
against Joseph Brown & Company, defendant, in
trover, with the conventional form of count and a
count adding to the averment of defendant's knowl-
edge that the property was plaintiffs', that defendant
"contriving and fraudulently intending craftily and
subtly to deceive and defraud the plaintiffs, hath not
yet delivered," etc. From a judgment for plaintiffs,
defendant appeals.

HEBEL & HAFT, for appellant.

HENRY W. LEMAN, for appellees; FRANK H. CULVER,
of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

## Abstract of the Decision.

1. FRAUD, § 19*—*what is not actionable.* The making of a prom-
ise with intent at the time not to perform it does not constitute a
fraud and is not actionable.

2. TROVER AND CONVERSION, § 31*—*when proof of demand and re-
fusal essential.* Where plaintiffs refused to ship to defendant cer-
tain goods ordered by defendant until a balance due on a bill for
goods previously shipped to defendant was paid, and defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

promised to send a check for such balance that night but did not, and the goods were afterwards sent and delivered to defendant, against whom on the following day an involuntary petition in bankruptcy was filed, *held* that an action in trover based upon such facts as constituting fraudulent and wrongful possession, because, as claimed, defendant obtained the goods without intending to fulfil its promise to pay for them, would not lie without proof of demand and refusal, and motion for an instructed verdict for defendant should have been allowed.

3. TROVER AND CONVERSION, § 31*—*when notice of election to rescind conditional contract of sale of goods and demand for return is essential.* No right of action, in trover for goods sold and delivered upon condition that a certain balance due on a bill for other goods be paid, would accrue without notice by plaintiffs of their election to rescind the contract and a demand for the return of the goods, upon defendant's failure to make such payment.